UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>  Petitioner,<br><br>  v.<br><br>SCOTT KERNAN,<br><br>  Respondent. | Case No. 22-cv-09112 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING OTHER MOTION AS MOOT**<br><br>(Docket Nos. 2, 9) |

Petitioner, a former state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Contra Costa County Superior Court.  Dkt. No. 1.  Petitioner filed a motion for leave to proceed *in forma pauperis*.  Dkt. No. 2.  This matter was reassigned to the Undersigned on January 26, 2023.  Dkt. Nos. 7, 8.  For the reasons discussed below, the instant petition must be dismissed.

**DISCUSSION**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Petitioner filed this habeas action on December 27, 2022. Dkt. No. 1. According to the petition, Petitioner was sentenced on or about February 5, 2015, for an unknown term, after entering a plea agreement. Dkt. No. 1 at 1, 2. Petitioner indicates that he is no longer confined and completed parole in September 2022. *Id.* Accordingly, Petitioner was clearly not "in custody" when he filed this action a few months after he completed parole. Therefore, this petition must be dismissed for lack of jurisdiction. *See De Long*, 912 F.2d at 1146.

## CONCLUSION

For the foregoing reasons, this petition is **DISMISSED** for lack of jurisdiction. No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**. Dkt. No. 2. Petitioner's "request for order" is **DENIED** as moot. Dkt. No. 9.

This order terminates Docket Nos. 2 and 9.

**IT IS SO ORDERED.**

Dated: ___**April 25, 2023**____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal; Grant IFP; Deny Other Mot.
P:\PRO-SE\EJD\HC.22\09112Torres_dism(custody).docx