UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>        Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>        Respondent. | Case No. 22-cv-09112 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br><br>(Docket No. 12) |

Petitioner, a former state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Contra Costa County Superior Court. Dkt. No. 1. On April 25, 2023, the Court dismissed the petition for lack of jurisdiction because Petitioner was not "in custody" when he filed this action. Dkt. No. 10 at 2, citing *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Petitioner filed a motion for reconsideration, asserting that the dismissal was erroneous. Dkt. No. 12.

**DISCUSSION**

**A.** **Standard of Review**

Where the court's ruling has resulted in a final judgment or order (e.g., after

dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

1. **Rule 59(e)**

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter

2

protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Petitioner does not assert newly discovered evidence or an intervening change in law in his motion for reconsideration. Dkt. No. 12. Rather, he asserts that the Court erred in its decision.

Petitioner asserts that the petition is timely and that he was in custody when he "began his habeas proceedings in state court, as required by the 28 U.S.C. 2254, well before he was released from state custody." Dkt. No. 12 at 3. Petitioner also asserts that *Maleng v. Cook*, 490 U.S. 488 (1989), does not apply to him because the underlying facts are dissimilar. *Id.* These arguments are not persuasive. First of all, timeliness was not considered by this Court nor was it the basis for dismissal. Second, custody is assessed <u>at the time the federal habeas petition is filed</u>, not when state proceedings for the purpose of exhaustion are begun, as Petitioner asserts. Lastly, the holding of *Maleng* with regard to custody does apply here, where Petitioner has fully served his sentence on the underlying offense and is attempting to challenge it in a habeas action even though he is no longer in custody for that offense.

Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second usage (i.e., that the application can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *See id.* at 980 (second custody requirement not satisfied for claim that counsel was ineffective in not objecting to restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty).

The petition was properly dismissed because Petitioner failed to establish that he

was "in custody" at the time he filed the petition. First, since he has been released and completed parole, there is no restraint on Petitioner's liberty. Therefore, it cannot be said that success on any of the claims raised in his petition would result in a change in the restraint where there is none. Petitioner appears to be seeking relief for being arrested for violating terms of parole of which he was unaware, and then being resentenced. Dkt. No. 12 at 3-4. However, the Court has no jurisdiction where Petitioner has completed that subsequent sentence and is no longer subject to court supervision, having "obtained completion of parole card." Dkt. No. 1 at 1, *see De Long*, 912 F.2d at 1146. Accordingly, there was no clear error in the Court's dismissal of this action for lack of jurisdiction. The motion for reconsideration under Rule 59(e) must be denied.

### 2. **Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

The Court has already discussed Petitioner's arguments for reconsideration above. *See supra* at 2-3. Furthermore, Petitioner sets forth no specific basis for reconsideration based on mistake, inadvertence, surprise, or excusable neglect. Nor does he present any newly discovered evidence, or assert fraud by the adverse party, or voiding or satisfaction

4

of the judgment, or any other reason justifying relief.  The Court simply has no basis for jurisdiction under § 2254.  Accordingly, Petitioner has failed to show that reconsideration is warranted under Rule 60(b).

## CONCLUSION

For the reasons discussed above, Petitioner's motion for reconsideration is **DENIED**.  Petitioner may appeal this matter to the Ninth Circuit.

This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated:  ___**May 8, 2023**_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Recon.
P:\PRO-SE\BLF\HC.22\09112Torres_deny-recon.docx